IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN DAVID HALE,

    Defendant.

Case No. 17-03021-01-CR-S-MDH

## GOVERNMENT'S MOTION IN LIMINE

COMES NOW the United States of America, by and through undersigned counsel, and provides this motion to limit defendant John D. Hale at trial from seeking to elicit testimony about his consent to search his property and cell phone, and introducing into evidence the video of the vehicle stop. The issues of consent, warrantless seizure, and arrest have already been decided by the Court and the principles of collateral estoppel prevents any additional inquiry by the defendant. Moreover, this Court granted Hale's motion to suppress the statements made by him in response to police questioning on the roadside and the fruits thereof, making the video stop evidence inadmissible.

Thus, the United States requests an *in limine* order excluding the video of the traffic stop as substantive evidence and the elicitation of testimony regarding consent to search, as it has no relevance to the issue of whether the defendant possessed with the intent to distribute 50 grams or more of methamphetamine and would distract the jury's attention from the charged content and focus instead on matters that have already been decided by this Court.

## I. DISCUSSION

On January 30, February 23, and March 19, 2018, the magistrate court held hearings relating to defendant John D. Hale's motions to suppress evidence, in which the defendant moved to suppress all statements and evidence derived from those statements (Doc. 39); moved to suppress all evidence derived from the defendant's consent to a search of his property and cellphone (Doc. 40); and moved to suppress all evidence derived from the defendant's warrantless seizure and arrest (Doc. 41).

This Court, on June 3, 2019, issued an order that forecloses any additional testimony about the defendant's consent to search and warrantless seizure and arrest. (Doc. 84.) Thus, the video of the initial law enforcement encounter with the defendant is not relevant to the issue in this case. The defendant was indicted with possession of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The defendant's statements and gun charge have been suppressed; Count 2 of the indictment will not be pursued by the government and no testimony will be elicited from any witness concerning the suppressed gun evidence and the search of the defendant's vehicle.

Federal Rule of Evidence 401 defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence" and "is of consequence in determining the action." Federal Rule of Evidence 402 provides that only relevant evidence is admissible. Nevertheless, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

There is no relevancy in playing the vehicle stop video nor eliciting consent testimony, and the defense should be precluded from arguing that officers overcame his will or used excessive force. Such evidence would either demonstrate the defendant's resistance to police officers' commands and/or law enforcement's excessive use of force and could potentially get into matters of suppressed evidence. As a result, playing the video stop and/or eliciting consent testimony would require the parties to explain complicated and otherwise irrelevant concepts, thereby distracting the jury from the key issues it is charged with deciding.

To convict an individual of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1), "the government has the burden of proving beyond a reasonable doubt that [Hale] both knowingly possessed and intended to distribute the drugs." *United States v. Morales,* No. 15-1630, 2016 WL 524221 (8th Cir. Feb. 10, 2016) (citing *United States v. Parker,* 587 F.3d 871, 881 (8th Cir. 2009)). The vehicle stop video is not relevant to the defendant's consensual search of his residence and outbuildings that contained approximately 258.5 grams of methamphetamine. Furthermore, this Court granted defendant Hale's motion to suppress the statements made by him on the roadside in response to police questioning and any fruits thereof. (Doc. 84 at 4.)

Under issue preclusion (collateral estoppel), "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue." *Allen v. McCurry,* 449 U.S. 90, 94 (1980) (citing *Montana v. United States,* 440 U.S. 147, 153 (1979)). The doctrine effectuates judicial economy by precluding parties from contesting matters that they have had a full and fair opportunity to litigate. *Id.* at 94-95. The doctrine applies only where a party had "adequate opportunity or incentive to obtain a full and fair adjudication in the first proceeding." *Simmons v. O'Brien,* 77 F.3d 1093, 1095 (8th Cir. 1996).

The defendant had unusual leeway in contesting the consent issue during three separate suppression hearings, and he was allowed to play a video of the stop throughout those hearings to prove that he did not voluntary consent to the search of his home and outbuildings, and that he was in custody and not provided *Miranda* warnings when officers elicited potentially incriminating information. The findings of this Court has essentially foreclosed any relitigation of these suppression issues.

The Government's evidence in this case will generally be that on January 5, 2017, TFO Brett Leslie received information from a confidential source that the defendant may be in possession of methamphetamine. He attempted to further his investigation of the information he received by speaking with the defendant at DEA offices on January 6, 2017. During the conversation, the defendant voluntarily signed a consent form to have his premises and outbuildings searched.

The defendant along with law enforcement went to the defendant's residence and searched his home and outbuildings. TFO Ben Wilson used his K-9 to assist with the search. Wilson will testify that his K-9 alerted to a certain area in the defendant's shed. He looked in the area and located a used paint bucket that contained a variety of items. As Wilson removed those items from the paint bucket, he found approximately 258.5 grams of methamphetamine concealed at the bottom of the bucket. The illegal narcotics were tested by the DEA Crime Lab in Chicago and it was in fact methamphetamine. In addition, officers found inside the defendant's home over $6500 cash.

The United States accordingly requests an *in limine* order excluding the video of the traffic stop as substantive evidence and the elicitation of testimony regarding consent to search, as it has no relevance to the issue of whether the defendant possessed with the intent to distribute 50 grams

or more of methamphetamine and would simply enflame the jury, distract jury's attention from the charged conduct and focus instead on matters that have already been decided by this Court.

## II. CONCLUSION

Consistent with the Federal Rules of Evidence, the United States respectfully requests an *in limine* order excluding the video of the traffic stop and the elicitation of testimony regarding consent, where the Court has already decided the issues of consent, warrantless seizure and arrest, and where the Court has granted the defendant's motion to suppress statements during said traffic stop.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By  */s/*
ABRAM MCGULL II
MO BAR # 40553
Assistant United States Attorney
901 St. Louis St., Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on December 14, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/*
Abram McGull II
Assistant United States Attorney