IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 17-CV-03021-01-MDH |
| ) | |
| JOHN DAVID HALE, ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Before the Court is the government's Notice of Intent to Offer 404(b) Evidence and Non-404(b) Evidence. (Doc. 99). Defendant has filed a response in opposition to the government's notice wherein he objects to the introduction of the 404(b) and non-404(b) evidence. (Doc. 108).

The government indicates that it may seek to introduce 404(b) evidence that Defendant in 2005 pled guilty to the crime of possessing a controlled substance, namely, methamphetamine, a class C felony, in the Circuit Court of Polk County, Missouri. The prior offense itself occurred in January 2005.

"In order for evidence of prior bad acts to be admissible, the evidence must be: (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged." United States v. Loveless, 139 F.3d 587 (8th Cir. 1998) (citing United States v. Sills, 120 F.3d 917, 920 (8th Cir.1997)). Defendant objects to the offering of the 404(b) evidence because the probative value does not outweigh the prejudicial effect and because the 2005 crime was not similar in kind or close in time to the crim charged.

1

After careful review, the Court finds the prior offense to be relevant to the current offense and proved by a preponderance of the evidence. See *United States v. Adams*, 401 F.3d 886, 899 (8th Cir. 2005) (internal citations omitted). The Court further finds the prior offense is similar in kind to the crime of possessing methamphetamine with intent to distribute. The Eighth Circuit has held that the possession of user quantities of a controlled substance or indeed any prior drug activity is relevant under Rule 404(b) to show knowledge and intent to commit a later drug crime. *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002); *United States v. Bryson*, 100 F.3d 575, 583 (8th Cir. 1997). The Court also finds that the date of prior crime (January 2005) is close enough in time to the current offense (January 6, 2017) to satisfy the 404(b) requirement. See *United States v. Rush*, 240 F.3d 729, 731 (8th Cir. 2001) (13 years not too remote for introduction of a prior offense under 404(b)). Finally, the Court finds the probative value of introducing the prior offense to outweigh any possible prejudicial effect. The Court will issue a standard limiting instruction to the jury to minimize any potential prejudice. See *United States v. Kent*, 531 F.3d 642, 651 (8th Cir. 2008).

The government also indicates it intends to introduce evidence that Defendant was found in possession of 400 grams of marijuana when his property was searched under the theory that it is intrinsic evidence. Intrinsic evidence "includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context to the charged crime." *United States v. Guzman*, 926 F.3d 991, 999 (8th Cir. 2019) (internal citations omitted). The Court finds that the marijuana discovered alongside the methamphetamine during the search provides important context to the episode and is indeed "inextricably intertwined" with the crime charged, although no charges were brought specifically related to its discovery.

Finally, the government indicates it intends to introduce evidence that when Defendant was arrested post-indictment on February 17, 2017, a user amount of methamphetamine and a glass pipe were found on his person. The Court finds this evidence to also have intrinsic evidentiary value and will allow it to be introduced at trial.

**IT IS SO ORDERED.**

DATED: January 3, 2020

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**