IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CV-03021-01-MDH |
| ) | |
| JOHN DAVID HALE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

At the pre-trial hearing held January 2, 2020 (Doc. 111), Defendant objected to the introduction of exhibits 1 and 2 as listed on the government's First Amended Exhibit Index. (Doc. 107). The first exhibit is a letter allegedly authored by an inmate in the Christian County Jail and intended for delivery to Defendant via a second inmate released from that jail. Upon release, that second inmate handed the letter to the jail staff who in turn delivered it to law enforcement. Law enforcement fabricated a new letter (marked as Exhibit 2) containing information in the original letter and sent it to Defendant as part of an investigation into drug-related criminal activity. Defendant objects to introduction of these letters based on a lack of foundation and as hearsay. The government's list of witnesses does not include the inmate who wrote the letter, the inmate who delivered the letter to jail staff or the jail staff who sent the letter to federal law enforcement. The list of witnesses does include the officer who fabricated a new letter and initiated the investigation of Defendant. The government claims the letters are not hearsay because they are not offered for the proof of their contents, which indicate Defendant had knowledge of and was involved in the distribution of methamphetamine, but instead solely to explain the origin of the government's investigation into this particular defendant. Generally, out-of-court statements

1

offered to show its effect on the listener are not hearsay. *United States v. Wright*, 739 F.3d 1160, 1170 (8th Cir. 2014).

The central dispute in this case is whether Defendant knew of the drugs discovered in an out building on his property during the investigation. Since the letter purportedly written by the inmate directs Defendant to contact a potential methamphetamine-purchaser and arrange a methamphetamine delivery in a specific manner, it heavily implies that Defendant had knowledge of the location of the methamphetamine needed to make that delivery. The fabricated letter contains the same incriminating implication, copied from the original letter. The contents of both letters therefore go to the heart of the controversy. If introduced to a jury, the letters would be highly prejudicial to Defendant. The contents of the original letter, allegedly written by an inmate who will not be subject to cross-examination, delivered to jail staff by another inmate who won't be subject to cross-examination, and delivered to law enforcement by jail staff who won't be subject to cross-examination, present significant foundation and hearsay evidentiary issues.

While the Court understands the government's interest in explaining the origins of the investigation, it has inexplicably failed to present to the Court any of the three witnesses whose testimony might support the admission of the original letter into evidence. Although that letter does explain the origin the investigation, it does not only do that—it also strongly indicates Defendant's active and ongoing participation in a criminal methamphetamine distribution scheme, which bears directly on the central issue in this case of whether or not Defendant knew methamphetamine was in his out building. Balancing the probative value of providing the jury with an explanation of the investigation's origin and course against the effect of the highly-incriminating letter's introduction, the Court finds that the letter, if introduced, would invariably be used as proof of what it asserts, unduly prejudicing Defendant. See *United States v. Wright*, 540

2

F.3d 833, 843 (8th Cir. 2008) (citing *United States v. Brown*, 110 F.3d 605, 609 (8th Cir. 1997); *United States v. Azure*, 845 F.2d 1503, 1507 (8th Cir. 1988)).

While not suggested by the parties, the Court has contemplated the use of a limiting instruction directing the jury that the original letter may only be considered to explain the origin and process of the investigation and may not be considered as evidence of Defendant's knowledge of the location of any drugs. However, upon reflection, the Court has concluded that such an instruction would not adequately resolve the foundation or hearsay issues, nor would it effectively diminish the prejudice created by introducing the original letter into evidence. The Court preliminarily rules the original letter will not be admitted into evidence.

As to the fabricated letter, the Court notes the government offers it not for the truth of its contents but to provide an explanation for law enforcement's course of conduct. However, without the original letter in evidence, introduction of the fabricated letter cannot adequately explain why the investigation was initiated or law enforcement's subsequent course of conduct and would only serve to confuse the jury. As such, the Court finds the letter neither provides useful foundation nor has the tendency to make a consequential fact more or less probable and is thus irrelevant under FRE 401.

The Court preliminarily rules the letters will not be admitted into evidence. However, the government will be allowed to explain it was contacted by the Christian County jail with information relayed by an inmate about statements from another inmate which caused them to start the investigation. Any party who wishes to introduce evidence excluded by this order shall not do so in front of the jury but shall first ask to approach the bench.

**IT IS SO ORDERED**.

DATED: January 3, 2020

>                                         */s/ Douglas Harpool*
>                                         **DOUGLAS HARPOOL**
>                                         **UNITED STATES DISTRICT JUDGE**